UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EWINWIN, INC.,

      Plaintiff,

v().                                              Case No. 8:10-cv-2678-T-24 AEP

GROUPON, INC.,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Groupon's Motion for Summary Judgment. (Doc. No. 113). eWinWinn ("EWW") opposes the motion. (Doc. No. 116). As explained below, Groupon's motion is granted.

**I.  Standard of Review**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See id. (citation omitted).  When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.  See id. (citation omitted).

**II. Background**

        Defendant Groupon has a website that it uses to sell coupons (called "Groupons") to buy a merchant's product or service at a discounted price. Groupon does this by presenting "daily deals" on its website, where Groupon lists the retail value of the merchant's product or service and Groupon's deal price for a Groupon for the product or service. However, the daily deals are contingent on a predetermined number of buyers actually signing up to buy the Groupon for each merchant's product or service. If enough buyers sign up to buy a Groupon for the merchant's product or service, then the deal "tips" and everyone who signs up to purchase the Groupon during the deal period will get the Groupon at Groupon's deal price. If, however, the predetermined number of buyers do not sign up to buy the specific Groupon, then the deal does not tip, and no one is able to buy the Groupon for that merchant's product or service at Groupon's deal price.

        Groupon provides incentives for its existing customers to refer new customers. To begin with, a deal may not tip if enough people do not sign up to buy a specific Groupon. Additionally, Groupon rewards existing customers who refer a new customer that actually purchases a Groupon for a deal that tips by giving the referring customer at least ten "Groupon Bucks" for each such referral. Groupon deposits the Groupon Bucks into the referring customer's account within 24 hours (during the week) or 72 hours (on the weekend) after the deal tips for which the new customer purchased a Groupon.

        For example, Groupon customer Kerry sees a daily deal for ice cream that has a retail value of $30 and a Groupon deal price of $15. Kerry sends a link for the deal to her friend, Kyle, who has never used Groupon before. If Kyle signs up to purchase the ice cream Groupon and

the deal tips, then Kerry will get ten Groupon Bucks for the referral credited to her Groupon account that she can use towards the purchase of her next Groupon.

Like Groupon, Plaintiff EWW is a company that was also created based on a group buying concept, where buyers are able to obtain lower prices for an item as the total quantity of the item purchased by all buyers increases. EWW contends that Groupon has infringed three of its patents relating to the group buying concept. Specifically, EWW's patents at issue are: (1) U.S. Patent Number 7,181,419 ("the 419 patent") issued on February 20, 2007 and titled, "Demand Aggregation System;" (2) U.S. Patent Number 7,689,469 ("the 469 patent") issued on March 30, 2010 and titled, "E-Commerce Volume Pricing;" and (3) U.S. Patent Number 7,899,707 ("the 707 patent") issued on March 1, 2011 and titled, "DAS Predictive Modeling and Reporting Function." As a result, EWW filed the instant lawsuit in which it alleges that Groupon has directly infringed its 419, 469, and 707 patents. (Doc. No. 65).

In response, Groupon has asserted seven counterclaims. (Doc. No. 72). Specifically, Groupon seeks a declaratory judgment that it did not infringe the 419, 469, and 707 patents and that those patents are invalid. Additionally, Groupon also holds a patent based on the group buying concept that was issued on July 31, 2001, U.S. Patent Number 6,269,343 ("the 343 patent"), and Groupon alleges that EWW infringed its 343 patent.

This Court held a <u>Markman</u> hearing and construed several disputed claim terms and phrases within the parties' patents. The dispositive phrases at issue in this motion for summary judgment are the phrases in EWW's patents requiring that the price for the product vary based on the volume of the product ordered. Below is a brief summary of the inventions claimed in EWW's patents and the claim language at issue in the instant motion for summary judgment.

3

### A. EWW's 419 Patent: Demand Aggregation System

EWW's 419 patent describes the invention as a demand aggregation system that uses volume pricing. As such, the invention facilitates buyers working together to take advantage of lower prices due to quantity discounts based on the quantity of the product sold to all buyers. Thus, the invention allows the demand of all of the buyers for a certain product to be aggregated in order for each buyer to obtain a quantity discount.

Claim 1 of EWW's 419 patent contains the following claim language, with the claim language at issue underlined:

> A business transaction method, comprising:
> maintaining buyer profiles in a data storage device;
> <u>deriving a plurality of customized price schedules for a product based on at least one buyer profile, each of the plurality of customized price schedules varying in accordance with a quantity of the product ordered from a plurality of deal rooms</u>;
> electronically offering the product for sale in at least one of the plurality of deal rooms, the product being offered in each deal room in accordance with at least one of the plurality of price schedules; and,
> displaying a listing of at least one of the plurality of deal rooms in which the product is offered when at least a subset of criteria indicated for a product search matches criteria describing the product.

The Court construed the disputed phrase as follows: *creating two or more price schedules for a product based on information contained in at least one buyer's profile, each price schedule consisting of a list of two or more prices for the product that vary based on a quantity of the product ordered from two or more deal rooms*. (Doc. No. 112).

### B. EWW's 469 Patent: E-Commerce Volume Pricing

EWW's 469 patent describes the invention as a volume pricing concept in which the seller establishes a price structure for the product that provides for lower prices as larger quantities of the product are purchased by all buyers during a specified time period. The final

4

price for all buyers is based on: (a) the total quantity of the product purchased by all buyers, and (b) the corresponding lowest price set forth in the price structure offered to each buyer.

Claim 1 of EWW's 469 patent contains the following claim language, with the claim language at issue underlined:

> A system that facilitates <u>volume pricing</u>, comprising:
>    at least one processor coupled to a memory that executes the following
>    computer executable components:
>       a first component that generates a virtual forum configured to host a
>          private deal room that displays an offer for an item for sale by a seller;
>       a second component that grants or forbids access to the private deal room,
>          access is granted to a potential buyer who qualifies based at least in
>          part on criteria chosen by the seller; and
>       a third component that determines a lowest price for the item.

The Court construed the disputed phrase as follows: ***a price structure for a product that provides a first price and one or more lower prices as larger quantities of the product are purchased***. (Doc. No. 104).

### C.  EWW's 707 Patent: DAS Predictive Modeling & Reporting Function

EWW's 707 patent describes the invention as a demand aggregation system that also generates customer leads, manages customer information, researches market information, and generates advertisements.  Claim 1 of EWW's 707 patent contains the following claim language, with the claim language at issue underlined:

> An electronic business system, comprising:
>    at least one processor coupled to memory that executes the following
>      computer executable components integrated with <u>a demand aggregation
>      system</u>:
>         a lead generation component for managing and generating a list of
>           current and prospective customers;
>         an account management component for managing current and
>           prospective customer information, the account management
>           component creates a customer profile for one or more current or
>           prospective customers included in the list, the account

>>management component further determines a probability to close
>>on a particular product or service based at least in part upon the
>>customer profile; and
>a marketing component for researching market information and
>generating and providing advertisements for the product or service
>based upon the probability to close.

The Court construed the disputed phrase as follows: ***a system for offering a good or service for sale at a volume discount, such that the price can decrease as the quantity sold increases***.  (Doc. No. 104).

Claim 29 of EWW's 707 patent contains the following claim language, with the claim language at issue underlined:

>A method of electronically conducting business, comprising:
>>employing at least one processor to execute computer executable instructions
>>stored in memory to perform the following acts:
>>>managing and generating a directory of current and prospective
>>>customers;
>>>managing current and prospective customer information including
>>>at least a profile for one or more current or prospective
>>>customers;
>>>calculating a probability to close with respect to a certain product or
>>>service based at least in part on the profile;
>>>researching market information and generating and providing
>>>advertisements for the product or service based upon the
>>>probability to close; and
>>><u>offering the product or service for sale to customers at a volume
>>>discount in an electronic forum, wherein price is determined as a
>>>function of the total quantity ordered by the customers</u>.

The Court construed the disputed phrase as follows: ***the product is offered for sale in an electronic forum at a first price and one or more lower prices as larger quantities of the product are purchased, such that the final, volume discounted price for the product is the price associated with the total quantity purchased by all buyers***.  (Doc. No. 112).

**III. Groupon's Motion for Summary Judgment**

In the instant motion, Groupon moves for summary judgment of non-infringement of EWW's patents. "A determination of infringement involves two steps: First, the court determines the scope and meaning of the asserted patent claims." Innovention Toys, LLC v. MGA Entertainment, Inc., 637 F.3d 1314, 1318 (Fed. Cir. 2011). As previously discussed, the Court has already held a Markman hearing and issued its claim construction orders.

Second, "[t]he court then compares the properly construed claims to the allegedly infringing device to determine whether all of the claim limitations are present." Id. at 1318-19 (citation omitted). Infringement is a question of fact, and "a court may determine infringement on summary judgment when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." Id. at 1319 (quotation marks and citations omitted). Upon review, it is clear to this Court that Groupon has met its burden of showing that it is entitled to summary judgment.

Groupon makes several arguments as to why it has not infringed EWW's patents. The Court agrees with Groupon's argument that all of EWW's patents require that the price for the product vary based on the volume of the product ordered. Because the Court finds that Groupon does not sell its Groupons for more than one deal price, the Court finds that Groupon is entitled to summary judgment, and the Court need not address Groupon's remaining arguments.

**A. Claim 1 of EWW's 419 Patent**

Claim 1 of EWW's 419 patent contains the following claim language: deriving a plurality of customized price schedules for a product based on at least one buyer profile, each of the plurality of customized price schedules varying in accordance with a quantity of the product

ordered from a plurality of deal rooms. As previously stated, the Court has construed this language to mean: creating two or more price schedules for a product based on information contained in at least one buyer's profile, each price schedule consisting of a list of two or more prices for the product that vary based on a quantity of the product ordered from two or more deal rooms. Thus, stated simply, the 419 patent provides for the creation of price schedules for a product, each of which consist of a list of *two or more prices for the product that vary based on a quantity of the product ordered*.

Groupon argues that it has not infringed the 419 patent because it only offers to sell its daily deals at one price; there are no lower prices available beyond Groupon's daily deal price for each Groupon. As such, Groupon contends that there are no price schedules for its Groupons that contain a list of two or more prices for each Groupon that vary based on a quantity of the specific Groupon ordered.

EWW responds that there can be one or more lower prices for a deal in certain situations–when a buyer acquires and uses Groupon Bucks for a daily deal. Specifically, going back to the example set forth in the beginning of this order, if Kyle signs up to buy the $15 ice cream Groupon and the deal tips, Kerry would get ten Groupon Bucks credited to her account for referring Kyle. Thereafter, if Kerry also signs up to buy the ice cream Groupon, she will only end up paying $5 for the ice cream Groupon because her Groupon account contains ten Groupon Bucks that can be used to purchase this Groupon. Therefore, argues EWW, Kerry received two different prices for the ice cream Groupon–the original $15 deal price (before she referred Kyle) and her lower $5 payment price (due to her acquisition and use of ten Groupon Bucks). Thus, argues EWW, Groupon has infringed because, with respect to Kerry, there were two or more

prices ($15 and $5) for the product (the ice cream Groupon) that varied based on a quantity of the ice cream Groupon ordered (the price for Kerry decreased due to Kyle's purchase of the ice cream Groupon).

The Court rejects EWW's argument. The price for the ice cream Groupon never changed; the price remained the $15 deal price. While Kerry paid less than $15 for the ice cream Groupon, that was due to her use of ten Groupon Bucks as *partial payment* for the ice cream Groupon.

Furthermore, even if the Court were to accept (which it doesn't) that the price for the ice cream Groupon did change from $15 to $5 for Kerry, the price change was not due to the quantity of ice cream Groupons that were purchased; instead, the price change was due to Kerry's referral of a new customer. Stated differently, if Kyle had not been a new customer and had purchased the ice cream Groupon prior to Kerry's purchase of the ice cream Groupon, her price for the ice cream Groupon would be $15 (as there would be no price decrease due to the additional Groupon purchased by Kyle, who was already an existing Groupon customer prior to his purchase of the ice cream Groupon).

Accordingly, the Court concludes that EWW has not raised a genuine issue of material fact regarding whether Groupon ever offers a deal at two or more prices that vary based on a quantity of the Groupons for that deal that are ordered. As such, the Court grants Groupon's motion of non-infringement as to EWW's 419 patent.

### B. Claim 1 of EWW's 469 Patent

Claim 1 of EWW's 469 patent contains the following claim language: a system that facilitates volume pricing. As previously stated, the Court has construed "volume pricing" to

mean: a price structure for a product that provides a first price and one or more lower prices as larger quantities of the product are purchased.  Similar to EWW's 419 patent, EWW's 469 patent also requires two or more prices for the product that vary based on the quantity of the product ordered.  As such, for the same reasons that the Court found that Groupon has not infringed EWW's 419 patent, the Court finds that Groupon has not infringed EWW's 469 patent and is entitled to summary judgment of non-infringement as to this patent.

### C.  Claim 1 of EWW's 707 Patent

Claim 1 of EWW's 707 patent contains the following claim language: a demand aggregation system.  As previously stated, the Court has construed this language to mean: a system for offering a good or service for sale at a volume discount, such that the price can decrease as the quantity sold increases.  Like the two prior patents discussed above, Claim 1 of the 707 patent requires the existence of the possibility that the product can be sold at less than the initial offer price.  This Court has previously found that Groupon only offers its deals at one price that does not change, and as a result, this Court finds that Groupon has not infringed Claim 1 of this patent.  Accordingly, the Court finds that Groupon is entitled to summary judgment of non-infringement as to Claim 1 of EWW's 707 patent.

### D.  Claim 29 of EWW's 707 Patent

Claim 29 of EWW's 707 patent contains the following claim language: offering the product or service for sale to customers at a volume discount in an electronic forum, wherein price is determined as a function of the total quantity ordered by the customers.  As previously stated, the Court has construed this language to mean: the product is offered for sale in an electronic forum at a first price and one or more lower prices as larger quantities of the product

are purchased, such that the final, volume discounted price for the product is the price associated with the total quantity purchased by all buyers. Again, this Court has already found that Groupon only offers its deals at one price that does not change, and as a result, this Court finds that Groupon has not infringed Claim 29 of this patent. Accordingly, the Court finds that Groupon is entitled to summary judgment of non-infringement as to Claim 29 of EWW's 707 patent.

### IV. Conclusion

It is ORDERED AND ADJUDGED that:

(1) Groupon's Motion for Summary Judgment (Doc. No. 113) is **GRANTED** as to all of the claims of infringement in EWW's amended complaint (Counts I - III), as well as Groupon's counterclaims for declaratory judgments of non-infringement of EWW's patents (Counts I - III).

(2) The Court, on its own, dismisses as moot Groupon's counterclaims for declaratory judgments of invalidity of EWW's patents (Counts IV - VI).

(3) The only claim that remains in this case is Groupon's counterclaim for infringement of its 343 Patent. Discovery may now commence as to that remaining claim. The parties must engage in mediation by January 30, 2011, and the parties are directed to inform the Court of the mediator that they have selected and their mediation date by December 16, 2011.

(4) The Court will issue an Amended Scheduling Order that reflects the deadlines in this case.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of November, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

11